UNITED STATES of America,
Petitioner-Appellee,

v.

John P. LABORDE et al.,
Respondents-Appellants.

No. 79–1586
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1979.

Rehearing Denied Oct. 9, 1979.

Phelps, Dunbar, Marks, Claverie & Sims, Thomas J. Wagner, George W. Healy, III, New Orleans, La., for respondents-appellants.

Hattie M. Broussard, Asst. U. S. Atty., New Orleans, La., M. L. Lindahl, Eighth Coast Guard District, New Orleans, La., for petitioner-appellee.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

A fire occurred in the engine room of the M/V NORTH TIDE. In the course of an

---

\* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co.*, 431 F.2d 409 (5th Cir. 1970).

investigation of this occurrence pursuant to 46 U.S.C.A. § 239,[1] the Coast Guard became aware that the NORTH TIDE was not inspected and certified. The Coast Guard then broadened its investigation to cover possible violations of 46 U.S.C.A. § 404,[2] related to the carriage of freight in an uninspected vessel. Lieutenant Commander J. E. Shkor, designated as a Marine Investigating Officer by the Officer in Charge,[3] Marine Inspection, issued subpoenas to various parties connected with the ownership and operation of the NORTH TIDE which sought information as to freight carriage by it. When compliance was refused, the Coast Guard obtained an order of enforcement in the district court. The present appeal is from that enforcement order.

Appellants submit that the duly designated investigating officer lacks regulatory authority to issue the subject subpoenas and to conduct an investigation into any matter other than the fire. Alternatively, they assert that the subpoenas are overly expansive in time and seek irrelevant materials.

Appellants concede, as they must, that 46 U.S.C. § 239 permits the Commandant of the Coast Guard to promulgate regulations for carrying out his duties under §§ 239 and 404. The challenge to Lt. Cdr. Shkor's subpoena authority is based on the language used in the regulations as adopted in 46 C.F.R. Part 4 Marine Investigation Regulations. Appellants urge that the Commandant has limited the Coast Guard's investigative power under subpart 4.07 to marine casualties or accidents involving safety of life at sea. They urge that the investigatory powers granted do not permit inquiry about civil or criminal liability for such matters as may arise under 46 U.S.C.A. § 404. The Coast Guard urges that the Part 4 regulations are sufficient for this purpose.

■ It is not necessary for us to resolve the difference between the parties by pursuing the meaning or interpretation of subpart 4. Lt. Cdr. Shkor was designated as an Investigating Officer under 46 C.F.R. § 5.02–20.[4] As such, he is specifically in-

1. Section 239 provides in pertinent part:
    (b) The Commandant of the Coast Guard shall establish rules and regulations for the investigation of marine casualties and accidents not involving loss of life, any act in violation of any of the provisions of title 52 of the Revised Statutes or of any of the regulations issued thereunder, and all cases of acts of incompetency or misconduct committed by any licensed officer or holder of a certificate of service while acting under the authority of his license or certificate of service, whether or not any of such acts are committed in connection with any marine casualty or accident. . . .

    .      .      .      .      .

    (j) The Commandant of the Coast Guard shall make such regulations as may be necessary to secure the proper administration of this section.

2. Section 404 provides in pertinent part:
    All vessels of above fifteen gross tons carrying freight for hire and all vessels of above fifteen gross tons and in excess of sixty-five feet in length carrying passengers for hire, but not engaged in fishing as a regular business, propelled by gas, fluid, naphtha, or electric motors, shall be subject to all the provisions of this section relating to the inspection of hulls and boilers and requiring engineers and pilots, and for any violation of the provi-

sions of title 52 of the Revised Statutes applicable to such vessels, or of rules or regulations lawfully established thereunder, and to the extent to which such provisions of law and regulations are so applicable, the said vessels, their master, officers, and owners shall be subject to the provisions of sections 494–498 of this title, relating to the imposition and enforcement of penalties and the enforcement of law . . . . .

3. The text of the designation is:
    Subj: Designation as Marine Investigating Officer; authorization for the performance of such duties
    Ref: (a) 46 CFR 4.07–5
           (b) 46 CFR 5.02–20
           (c) 46 USC 239
    1. In accordance with references (a), (b) and (c), you are hereby designated an investigating officer for performing such duties as assigned to you by proper authority.

4. § 5.02–20 Investigating officer.
    (a) An investigating officer is an officer or employee of the Coast Guard designated by the Commandant, District Commander or the Officer in Charge, Marine Inspection, for the purpose of making investigations or marine casualties and accidents or other matters pertaining to the conduct of seamen. An Officer

vested with authority to investigate violations of acts in violation of 46 U.S.C.A. § 404.[5] Under 46 C.F.R. § 5.05–5[6] he is clearly given the power to issue the subpoenas issued here.

█ The magistrate found that the appellants submitted no evidence to substantiate the claim made before him that the subpoenas were burdensome, harassing and oppressive. In the absence of such a showing, we decline to reverse the grant of enforcement on the vague alternative ground urged here. The Coast Guard acknowledges that it cannot subpoena irrelevant documents. Should the investigation become an overbroad policy inquiry into the use of offshore vessels, as appellants speculate it might, nothing said here will preclude their making such a showing in the district court and seeking a proper protective order.

AFFIRMED.

---

in Charge, Marine Inspection, is an investigating officer without further designation.

**5.** § 5.05–1 Investigations made by investigating officer.

(a) Investigations will be made by an investigating officer of:

(1) All acts in violation of any of the provisions of Title 46, U.S. Code, sections . . . 402–414 . . . whether or not committed in connection with any marine casualty or accident; . . .

**6.** § 5.05–5 Powers of investigating officers.

(a) In the conduct of an investigation, the investigating officer shall have the power to administer oaths, subpoena witnesses, require persons having knowledge of the subject matter of the investigation to answer questions and require the production of relevant books, papers, documents, licenses, certificates, or other records.